## WAYNE McCOOL v. STATE.

No. A-7676. Opinion Filed March 21, 1931.
(297 Pac. 308.)

Corn & Corn, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiff in error, hereinafter called the defendant, was convicted in the county court of Dewey county of being drunk in a public place, and his punishment fixed by the court at a fine of $100 and imprisonment in the county jail for 30 days.

The evidence of the state is that a dance was being held at the home of C. C. Allens on the 29th day of May, 1929; that the neighbors attended. The charging part of the information is as follows:

"That Wayne McCool, a person at and within the county of Dewey and state of Oklahoma, and on or about the 29th day of May, 1929, did then and there intentionally, unlawfully and wrongfully, be and appear in a public place, to wit: The dance at the home of C. C. Allens, located on the southeast quarter of section twenty-eight, in township 16 N. R. 16 W. I. M., while he the said Wayne McCool was then and there drunk and intoxicated," etc.

The defendant drove to within a short distance of the Allens' home, where the dance was being held, in company with Bill Jones. The officers claim that the defendant was drunk. The defendant claims that he was not drunk, and several of the parties with him when he left the dance testify that the defendant was not drunk.

At the close of the testimony, the defendant demurred to the evidence on the ground that it was insufficient to sustain a conviction, and there was a fatal variance in the pleadings and the proof. It is urged by the defendant that the proof on behalf of the state is insufficient to sustain a charge of being drunk and intoxicated in a public place as provided in section 7028, C. O. S. 1921, and that his demurrer to the evidence should have been sustained.

After a careful study of the record, we are of the opinion that the evidence is insufficient to sustain the charge in the information of being drunk and intoxicated in a public place as described by the statute, and that the demurrer of the defendant to the evidence should have been sustained.

For the reasons stated, the judgment is reversed.

EDWARDS, J., concurs. CHAPPELL, J., dissents.